STATE OF IOWA, Appellee, v. TONY NOVA, Appellant.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*Robert Healy,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *James I. Dolliver,* County Attorney, for appellee.

EVANS, J.—I. The principal point presented for our consideration is that there was a failure on the part of the county attorney to observe the mandate of Section 13650, Code of 1924,

636

and that the court was, therefore, without jurisdiction. The claim made is that no district judge indorsed upon the county attorney's information his approval of the information, as required by the section specified. The information, when filed, carried the indorsement of a judge in the following terms:

"On this 23rd day of January A. D. 1928, Sherwood A. Clock, judge of the district court, being satisfied from the showing made herein that this case should be prosecuted by information the same is approved (disapproved and the charges ordered submitted to the next grand jury). Sherwood A. Clock, Judge of the District Court in and for Webster County, Iowa."

It is manifest that the court signed a blank form, which was so framed as to serve the purpose either of approval or disapproval. The disapproval form was inserted between parentheses. In a grammatical sense, the parenthetical expression is no part of the sentence which was signed by the judge. The argument for appellant is that the judge both "approved" and "disapproved," and that one canceled the other. If it be true that these two words mutually canceled each other, yet sufficient remained to show the approval of the judge. Independent of the use of the word "approved," the judge expressly found "that this case should be prosecuted by information." This, of itself, was an approval, even though the word "approved" was not contained therein. It was indorsed upon the indictment as required by statute. While, therefore, the form of the indorsement was somewhat irregular, because of the failure of the judge to erase the parenthetical expression, this irregularity was by no means fatal to the validity of the indorsement. Furthermore, the point was not raised in any manner in the district court. See *State v. Fortunski*, 200 Iowa 406. It was as available to the defendant there as it is here. Counsel recognizes this fact, but urges a failure of jurisdiction. We are satisfied that the irregularity was not jurisdictional, even though it were erroneous. An assignment of mere error thereon is not available to the defendant, for want of raising the question below.

II. In imposing sentence the district court adjudged a

fine of $300 and imprisonment in the county jail *not to exceed six months*. The complaint is made that the form of the sentence. of imprisonment is such that it cannot be said whether the defendant be imprisoned for three, or for four, or for five, or for six months.

The form of the entry in this respect is objectionable. It is evident on its face that it was the result of mere inadvertence. To avoid any doubtful question of interpretation thereof, the judgment will be interpreted here so as to fix the term of imprisonment definitely at six months from the date fixed in the original entry of the district judge.

The judgment below is, accordingly, affirmed.—*Affirmed*.

ALBERT, J., dissents.

All the other justices concur.